UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 10-10310 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 3:06-cr-00710-WHA-2 |
| v. | Northern District of California, San Francisco |
| LUIS ALBERTO GONZALEZ, | |
| Defendant - Appellant. | ORDER |

Before: HAWKINS and M. SMITH, Circuit Judges, and DUFFY, District Judge.[*]

The Memorandum disposition, filed December 22, 2011, is amended as follows:

On page 4, the paragraph beginning "Finally, even assuming the court" and ending "*See United States v. Warr*, 530 F.3d 1152, 1163 (9th Cir. 2008)." is deleted, and the following is substituted in its place:

Finally, the court did not violate Federal Rule of Criminal Procedure 32 by failing to inform Gonzalez of its *ex parte* hearing with Paiz's counsel in which counsel indicated she did not plan to call

[*] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for Southern New York, sitting by designation.

Gonzalez because she did not think he could credibly exonerate Paiz. This was not factual information relayed to the court about Gonzalez, but the opinion of counsel whether Gonzalez would aid her client's case; indeed, the focus of the hearing is not on any specific misrepresentation by Gonzalez but on Paiz's counsel's own shortcomings by failing to "do her homework" and obtain a more detailed proffer from Gonzalez as to what his testimony would actually entail. Moreover, even assuming it were a violation of Rule 32, any technical procedural error was harmless as counsel's opinion was cumulative of the public and obvious credibility problems Gonzalez had, which were expressly noted by the district court. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *see United States v. Soltero*, 510 F.3d 858, 863-64 (9th Cir. 2007) (harmless error analysis of Rule 32 violation appropriate if it is clear that no prejudice resulted); *cf. United States v. Warr*, 530 F.3d 1152, 1163 (9th Cir. 2008) (no prejudice where court relied on undisclosed study for "well-known, common sense proposition").

The panel has voted to deny Appellant's petition for rehearing. Judges Hawkins and Duffy have recommended denying the petition for rehearing en banc and Judge Smith has voted to deny the en banc petition.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are **DENIED**.

No further petitions for rehearing or petitions for rehearing en banc will be entertained.